**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

TAMPA _____ Division

## CIVIL RIGHTS COMPLAINT FORM

KING; Gary -Steven, Lloyd CASE NUMBER: 8:17 cv 606 T 33 JSS

520 NORTH FAULKENBURG RUAL (To be supplied by Clerk's Office)

TAMPA, FLORIDA 33619,

(Enter full name of each Plaintiff and prison
number, if applicable)

v.

1) HILLSBOROUGH COUNTY SHERIFFS OFF     5) CORPORAL SIRCIS

2) CORPORAL YULEE                       6) Deputy Curl

3) DEPUTY A CAMARA                      7) CORPORAL Short

2/ DEPUTY Ramen                         8) CAPTAIN Johnson

(Enter full name of each Defendant. If     9) SHERIFF
additional space is required, use the blank
area directly to the right).              10) Deputy M. McCLEOD

                                              CONTINUED

## ANSWER ALL OF THE FOLLOWING QUESTIONS:

I.   **PLACE OF PRESENT CONFINEMENT:** HILLSBOROUGH COUNTY SHERIFF
                    (Indicate the name and location)

     _____ FAULKENBURG ROAD JAIL FACILITY

II.  **DOES YOUR COMPLAINT CONCERN EVENTS IN A STATE PRISON FACILITY WITHIN
     THE FLORIDA DEPARTMENT OF CORRECTIONS?** Yes ( ) No (X)

     [If your answer is YES, after reviewing the exhaustion requirements, answer the following
     questions]

     Exhaustion of

     A) Administrative Remedies                         - Refuse All

DC 225 (Rev. 9/03)

1

MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION


KING, Gary-Steven, Lloyd

vs


11. DEPUTY S. SPARKS

12. Colonel DAVIS

13. DEPUTY LUGO

14. DEPUTY T. COCHRAN

15. SARGE ROGERS

16. VIVIAN T. CORVO

17. BAILIFF SATIN

18. BAILIFF CORREU

19. AMANDA KOTULA

20. JENNIFER STROUF

21. MICHAEL MAHER

22. JOSEPH BLITCH

23. LAW OFFICE OF JULIANNE HOLT

24. STATE ATTORNEY OFFICE

**EXHAUSTION OF ADMINISTRATIVE REMEDIES:** Pursuant to the Prison Litigation Reform Act or 1995, Title VIII, Section 803 Amendments to Civil Rights of Institutionalized Persons Act, exhaustion of administrative remedies is required in any action brought with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility. Any required grievances, appeals, and responses must be submitted to the Court to verify exhaustion. (If your Complaint concerns conditions at state prison facilities, you must answer the following questions in Section II of this form. If the Complaint concerns conditions at a county jail or local correctional facility, you must complete Section III of this form.)

## EXHAUSTION STEPS ORDINARILY REQUIRED FOR COMPLAINTS ABOUT CONDITIONS AT STATE PRISON FACILITIES:

### General Grievance

1. Informal Grievance (Form DC3-005)
2. Formal Grievance (Form DC1-303)
3. Appeal to the Office of Secretary (Form DC1-303)

### Other Grievance

Inmates are not required to utilize the informal Grievance process in the case of an emergency grievance, a grievance of reprisal, a grievance of a sensitive nature, a grievance alleging violation of the Americans with Disabilities Act, a medical grievance, a grievance involving admissible reading material, a grievance involving gain time governed by rule 33-11.0065 Incentive Gain Time, or a grievance involving disciplinary action (does not include corrective consultations) governed by chapter 33-22. The grievance steps are set forth in Fla. Admin. Code Chapter 33-29.

### Questions:

A. **Emergency Grievance, Grievance of Reprisal, or Grievance of a Sensitive Nature, Grievance Alleging Violation of the American with Disabilities Act, Medical Grievance, Grievance Involving Admissible Reading Material, Grievance Involving Gain Time Governed by Rule 33-11.0065 Incentive Gain Time, or Grievance Involving Disciplinary Action Governed by Chapter 33-22** (Request for Administrative Remedy or Appeal, bypassing the informal grievance step).

1. Did you submit an above-mentioned grievance to the Superintendent and/or to the office of Secretary (Form DC1-303)? Yes ( ) No (X)

2. If so, you must attach a copy of the grievance and response to this Complaint form.

3. Were you denied emergency status? Yes ( ) No (X)

    a. If so, did you go through the informal grievance, formal grievance and appeal process? Yes ( ) No (X)

    b. If so, you must attach copies of the grievance/appeals and responses to this Complaint form.

B. **Informal Grievance** (Request for Interview)

DC 225 (Rev. 9/03)

1. Did you submit an informal grievance (Form DC3-005)? Yes ( ) No (✗)

2. If so, you must attach a copy of the grievance and response to this Complaint form.

C. <u>Formal Grievance</u> (Request for Administrative Remedy or Appeal)

1. Did you have a disciplinary hearing concerning this matter? Yes ( ) No (✗)

2. If so, you must attach a copy of the disciplinary report and disciplinary committee's findings and decision to this Complaint form.

3. Did you submit a formal grievance (Form DC1-303)? Yes ( ) No (✗)

4. If so, you must attach a copy of the grievance and response to this Complaint form.

D. <u>Appeal to the Office of the Secretary</u> (Request for Administrative Remedy or Appeal)

1. Did you submit an appeal to the Office of the Secretary (Form DC1-303)? Yes ( ) No (✗) I AM NOT STATE CUSTODY

2. If so, you must attach a copy of the appeal and response to this Complaint form.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING ANSWERS TO THE QUESTIONS IN THIS SECTION ARE TRUE AND CORRECT.

Signed this _____ 8 _____ day of _____ January _____, 2 0 1 7

_____
Signature of Plaintiff

III.    **DOES YOUR COMPLAINT CONCERN EVENTS IN A COUNTY JAIL OR LOCAL FACILITY?** Yes (X) No ( )

If your answer is YES, answer the following questions.

A.  Is there a grievance procedure at your institution or jail? Yes (X) No ( )

B.  Did you present the facts relating to your Complaint in the grievance procedure? Yes (X) No ( )

C.  If your answer is YES:

1.  What steps did you take? Request Several Grievances Grievance Answered

2.  What were the results? Declined Admin Remidies Proceedure for many Grievances Requested

3.  To demonstrate exhaustion, you must submit copies of all relevant grievances/appeals and responses.

D.  If your answer is NO, explain why not: _____

_____

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING ANSWERS TO THE QUESTIONS IN THIS SECTION ARE TRUE AND CORRECT.

Signed this _____ 8 _____ day of JANUARY _____, 2017

_____ Gary Lloyd
**Signature of Plaintiff**

IV.     **PREVIOUS LAWSUITS:**

A.  Have you initiated other lawsuits in <u>state court</u> dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof? Yes ( ) No ( )

B.  Have you initiated other lawsuits in <u>federal court</u> dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof? Yes (✗) No ( )

C.  If your answer to either A or B is YES, describe each lawsuit in the space provided below.  If there is more than one lawsuit, describe all additional lawsuits on a separate piece of paper, using the same format as below.

1.  Parties to previous lawsuit:

    Plaintiff(s): GARY STEVEN LLOYD

    Defendant(s): FLORIDA DEPARTMENT OF CORRECTIONS Several OFFICERS THERE IN

2.  Court (if federal court, name the district; if state court, name the county): NORTHERN DISTRICT OF FLORIDA

3.  Docket Number: 12 CV 00367 RH/CAS

4.  Name of judge: Hon. Casrighls

5.  Briefly describe the facts and basis of the lawsuit: Assaults and Batteries Deprivation of Civil Rights, Emotional and physical distress

6.  Disposition (Was the case dismissed?  Was it appealed?  Is it still pending?): Dismissed without prejudice due to financial filing fees And loss of contact with courts due to release from homelessness

7.  Approximate filing date: 2012

8.  Approximate disposition date: 2013

D.  Have you initiated lawsuits or appeals from lawsuits in federal court that have been dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted?  If so, identify theses suits below by providing the case number, the style, and the disposition of each case:

DC 225 (Rev. 9/03)

*NO - ONLY SUIT FILED WAS DISMISSED WITHOUT*
*~~PREJUDICE FOR FILING FEE~~ IN THIRD PANEL*
*~~due to negligence~~ ~~and~~ to best of director*
*~~will try to think every time that~~ the current*
*~~is not in plaintiffs direct line of foreclosure~~*

V.    **PARTIES**:  In part A of this section, indicate your <u>full name</u> in the first blank and your full mailing address in the second blank.  Do the same for each additional Plaintiff named in the Complaint (if any) in part B of this section:

A.  Name of Plaintiff: GARY STEVEN of the Lloyd family

Mailing address: Care of CAROL LYNN KAYMAN
SINDTANDSBURG road DOVER PA 17315

B.  Additional Plaintiffs: _____

_____

_____

_____

In part C of this section, indicate the <u>full name</u> of the first named Defendant.  Also, fill in his or her mailing address, position, and where he or she is employed.  For any additional Defendants, use parts D through G of this section for the names, addresses, positions and places of employment:

C.  Defendant:  HILLSBOROUGH COUNTY SHERRIFF'S OFFICE

Mailing Address:  520 N. FALKENBURG ROAD

TAMPA FLORIDA 33619

Position:  CORPORATE ENTITY

Employed at:  ARTIFICIAL ENTITY

D.  Defendant:  CORPORAL YULEE (DBN 46634)

Mailing Address:  520 NORTH FALKENBURG RD

TAMPA FLA 33619

Position:  CORPORAL HILLSBOROUGH COUNTY SHERIFFS Dept.

Employed at:  HILLSBOROUGH COUNTY SHERIFF DEPT

DC 225 (Rev. 9/03)

E.  Defendant: DEPUTY Camara (ABN. 130793)

Mailing Address: 520 NORTH FALKENBURG ROAD

TAMPA FLORIDA 33619

Position: DEPUTY (H.C.S.O.)

Employed at: HILLSBOROUGH COUNTY SHERIFF OFFICE CHSO

F.  Defendant: DEPUTY Roman (ABN 167014)

Mailing Address: 520 NORTH FALKENBURG ROAD

TAMPA FLORIDA 33619

Position: DEPUTY H.C.S.O.

Employed at: HILLSBOROUGH COUNTY SHERIFFS OFFICE

G.  Defendant: CORPORAL SIROIS (ABN 3996 )

Mailing Address: 520 NORTH FALKENBURG ROAD

TAMPA, FLORIDA 33619

Position: CORPORAL H.C.S.O.

Employed at: HILLSBOROUGH COUNTY SHERIFFS OFFICE

H. Defendant: Corporal Herr (ABN 6789??)

Mailing Address: 520 NORTH FALKENBURG ROAD

TAMPA, FLORIDA 33619

Position: Corporal H.C.S.O.

Employed at: HILLSBOROUGH COUNTY SHERIFF OFFICE

PART V CONTINUED   PAGE 1 OF 5

I. DEFENDANT : DEPUTY SOTO
   MAILING ADDRESS: 520 NORTH FAULKENBURG ROAD
                    TAMPA, FLORIDA 33619
   POSITION :       DEPUTY
   EMPLOYED AT :    HILLSBOROUGH COUNTY SHERIFFS OFFICE


J. DEFENDANT : CAPTAIN HERMAN (ABN 2578)
   MAILING ADDRESS: 520 NORTH FAULKENBURG ROAD
                    TAMPA, FLORIDA 33619
   POSITION : CAPTAIN
   EMPLOYED AT : HILLSBOROUGH COUNTY SHERIFFS OFFICE


K. DEFENDANT : DEPUTY M. McCLEOD (ABN 55657)
   MAILING ADDRESS: 520 NORTH FAULKENBURG ROAD
                    TAMPA, FLORIDA 33619
   POSITION : DEPUTY
   EMPLOYED AT : HILLSBOROUGH COUNTY SHERIFF'S OFFICE


L. DEFENDANT : DEPUTY S. SPARKS (ABN 115294)
   MAILING ADDRESS: 520 NORTH FAULKENBURG ROAD
                    TAMPA, FLORIDA 33619
   POSITION : DEPUTY
   EMPLOYED AT : HILLSBOROUGH COUNTY SHERIFF'S OFFICE


M. DEFENDANT : COLONEL DAVIS
   MAILING ADDRESS: 520 NORTH FAULKENBURG ROAD
                    TAMPA FLORIDA 33619

PART V CONTINUED    PAGE 2 OF 5

POSITION: COLONEL
EMPLOYED AT: HILLSBOROUGH COUNTY SHERIFF'S OFFICE

N. DEFENDANT: SHERIFF DAVID GEE
MAILING ADDRESS: 520 NORTH FAULKENBURG ROAD
TAMPA, FLORIDA 33619
POSITION: SHERIFF OF HILLSBOROUGH COUNTY FLORIDA
EMPLOYED AT: HILLSBOROUGH COUNTY SHERIFF'S OFFICE

O. DEFENDANT: DEPUTY LUGO
MAILING ADDRESS: 520 NORTH FAULKEN BURG ROAD
TAMPA, FLORIDA 33619
POSITION: DEPUTY
EMPLOYED AT: HILLSBOROUGH COUNTY SHERIFF'S OFFICE

P. DEFENDANT: DEPUTY T. COCHRAN (ABN 242214)
MAILING ADDRESS: 520 NORTH FAULKENBURG ROAD
TAMPA, FLORIDA 33619
POSITION: DEPUTY
EMPLOYED AT: HILLSBOROUGH COUNTY SHERIFF'S OFFICE

Q. DEFENDANT: SARGE ROGERS (ABN 4550)
MAILING ADDRESS: 520 NORTH FAULKENBURG ROAD
TAMPA FLORIDA 33619
POSITION: SEARGENT
EMPLOYED AT: HILLSBOROUGH COUNTY SHERIFF'S OFFICE

PART IV CONTINUED      PAGE 3 OF 5

N. DEFENDANT : VIVIAN T. CORVO
   MAILING ADDRESS : 800 E. TWIGGS STREET.
                     GEORGE EDGECOMB COURTHOUSE
                     TAMPA FL  33612
   POSITION  : JUDGE
   EMPLOYED AT : GEORGE EDGECOMB COURT HOUSE
                 STATE OF FLORIDA


O. DEFENDANT : DEPUTY SATIN
   MAILING ADDRESS : 800 E. TWIGGS STREET
                     GEORGE EDGECOMB COURT HOUSE
                     TAMPA FLORIDA 33612
   POSITION : BAILIFF
   EMPLOYED AT : HILLSBOROUGH COUNTY SHERIFFS OFFICE
                 GEORGE EDGECOMB COURTHOUSE


P. DEFENDANT : DEPUTY CORREU
   MAILING ADDRESS : 800 E. TWIGGS STREET
                     GEORGE EDGECOMB COURT HOUSE
   POSITION : BAILIFF
   EMPLOYED AT : HILLSBOROUGH COUNTY SHERIFFS OFFICE
                 GEORGE EDGECOMB COURTHOUSE


Q. DEFENDANT : AMANDA J. KOTULA
   MAILING ADDRESS : 419 NORTH PIERCE STREET
                     STATES ATTORNEY OFFICE
                     TAMPA, FLORIDA 33602

PART V CONTINUED    PAGE 4 of 5


POSITION : ASSISTANT STATES ATTORNEY

EMPLOYED AT : STATES ATTORNEY OFFICE

THIRTEENTH JUDICIAL CIRCUIT


R. DEFENDANT : JENNIFER STROUF

MAILING ADDRESS : 700 E. TWIGGS STREET

LAW OFFICE OF JULIANNE HOLT

TAMPA, FLORIDA 33602

POSITION : PUBLIC DEFENDER

EMPLOYED AT : LAW OFFICE OF JULIANNE HOLT

PUBLIC DEFENDERS OFFICE


S. DEFENDANT : MICHAEL MAHER    M.D.

MAILING ADDRESS : 508 SOUTH HABANA AVENUE

SOUTH TAMPA MEDICAL CENTER

SUITE 337

TAMPA, FLORIDA 33609-4181

POSITION : PSYCOTHERAPIST

EMPLOYED AT : SOUTH TAMPA MEDICAL CENTER


T. DEFENDANT : JOSEPH W. BLITCH Ph. D

MAILING ADDRESS : 605 WEST BLOOMINGDALE AVENUE

CLINICAL AND FORENSIC PSYCHOLOGY

BRANDON, FLORIDA 33511

POSITION : PSYCHOLOGIST

EMPLOYED AT : JOSEPH W. BLITCH Ph. D

CLINICAL AND FORENSIC PSYCHOLOGY

PART V CONTINUED PAGE 5 of 5

U. DEFENDANT: LAW OFFICE OF JULIANNE HOLT
   MAILING ADDRESS: 700 E. TWIGGS STREET
                    TAMPA, FLORIDA 33602
   POSITION: LAW FIRM
   EMPLOYED AT: CORPORATE ENTITY

V. DEFENDANT: STATE ATTORNEY OFFICE
   MAILING ADDRESS: 419 NORTH PEIRCE STREET
                    TAMPA, FLORIDA 33602
   POSITION: CORPORATE OFFICE
   EMPLOYED AT: CORPORATE ENTITY

LEGAL USE ONLY
BY INMATE PKG #
11000759
Any other use will result
in disciplinary action

VI.   **STATEMENT OF CLAIM:** State what rights under the Constitution, laws, or treaties of the United States have been violated, and be specific. If you intend to allege a number of related claims, set forth each claim in a separate paragraph. Any claim that is not related to the same basic incident or issue must be addressed in a separate Civil Rights Form.

> 1) AMENDMENT 1 — FREEDOM OF RELIGION AND
> PRACTICE AND EXERCISE THEREOF, THE
> HILLSBOROUGH COUNTY SHERIFF'S DEPARTMENT
> AND REPRESENTATIVES THEREOF HAVE
> SEVERELY INFRINGED ON THE PRATICE OF
> PETITIONER'S PRATICE OF FAITH TO INCLUDE

VII.  **STATEMENT OF FACTS:** State as briefly as possible the FACTS of your case. Describe how each defendant was involved. **Do not make any legal arguments or cite any cases or statutes.** State with as much specificity as possible the facts in the following manner:

1.  Name and position of person(s) involved.
2.  Date(s).
3.  Place(s).
4.  Fact(s) or event(s) giving rise to your claim, including involvement of each defendant.
5.  Nature and extent of injury (*i.e.*, physical injury or how you were harmed by the acts of the defendant(s)).

> ALL FACTS DESCRIBED IN OUTLINE
> OF PART VI OF THIS FORM.

Statement of Facts, continued:

PART VI  CONTINUED    PAGE 1 OF 17

BUT NOT LIMITED TO:

    A. STOPING AND/OR INTERUPING PRATICE OF RELIGION

    B. LIMITING PRACTICE OF BY

       1) DESIGNATING CERTAIN TIMES TO PRACTICE

       2) DESIGNATION OF CERTAIN AREAS THAT
         PRACTICE IS ALLOWED (I.E. REC YARD
         ONLY, INSTEAD OF AT BEDDING AREA)
         WHICH IN TURN CAUSED CONFLICT
         BETWEEN INMATES AND ONESELF

       3) BLATENTLY BEING TOLD QUOTE "I've
         NEVER SEEN ANY RELIGION PRACTICED
         IN THAT WAY, SO I'm NOT ALLOWING
         YOU TO DO THAT"

       4) PLACED IN DISIPLINARY CONFINEMENT
         DUE TO PRATICE OF RELIGION AND
         SANTIONED TO 14 DAYS DISIPLINARY
         CONFINEMENT; 14 DAYS NO CANTEEN;
         AND 14 DAYS NO VISITATION
            (see EXIBIT: A)

EXIBIT : A

Case 8:17-cv-00606-VMC-J_S   Document 1   Filed 03/13/17   Page 17 of 62 PageID 17

20170305 07:37

HILLSBOROUGH COUNTY SHERIFF'S OFFICE                EXPIRATION
DETENTION SERVICES                                   GUILTY
INMATE DISCIPLINARY REPORT HCDD-5703

FACILITY: FRJ/F          I/R #: 2016FRJF1845              DATE: 20160617
INMATE'S NAME: LLOYD,GARY          BKG#: 16020060 POD/CELL: 10D62
    I. NATURE AND DATE OF RULE VIOLATION(S):
C RU
L LE DESCRIPTION
G 3J CONDUCT W/ DISRUPTS/INTERFERES WITH THE SECURITY/ORDER OF INSTITUTION

COPY

    II. DETAILS OF THE RULE VIOLATION(S):
    AT APPROXIMATELY 1423 HOURS, INMATE LLOYD APPROACHED MY DESK.  HE ALLEGED
SOMEONE HAD STRUCK HIM ON THE SIDE OF HIS HEAD WHILE HE WAS ON THE RECREATION
YARD.  I IMMEDIATELY SECURED LLOYD IN THE HOLDING CELL.  I PROCEEDED TO THE
RECREATION YARD TO QUESTION THE OTHER INMATES.  NO ONE WOULD BE SPECIFIC AS TO
WHAT HAPPENED, BUT THEY STATED LLOYD HAD BEEN DOING THINGS THAT ARE CREATING
TENSION.
    I CALLED CORPORAL YULEE #46634 VIA PHONE AND ASKED HIM REVIEW VIDEO
FOOTAGE OF THE ALLEGED INCIDENT.  HE REVIEWED CAMERA FRJ.02.D.1.T.403.DESK.S
WITH A START TIME OF 1421 HOURS.  HE OBSERVED GOODWIN ATTEMPTING TO STRIKE
INMATE LLOYD WITH WHAT APPEARED TO BE A LONG WHITE SOCK.  THE VIDEO FOOTAGE
DOES NOT SHOW WHETHER THE STRIKE LANDED.  THE VIDEO THEN SHOWS GOODWIN GO TO
BUNK IN HIS CUBICLE.
    CORPORAL YULEE ENTERED THE POD AND ESCORTED GOODWIN TO 2A'S HOLDING CELL.
I WAS ABLE TO SECURE A SOCK WITH A ROLL OF TOILET PAPER IN IT FROM A BUNK NEAR
GOODWINS BUNK.  GOODWIN INFORMED CORPORAL YULEE THAT HE DID NOT MAKE CONTACT

REPORTING DEPUTY: M MCLEOD          ABN:          55657 DATE: 20160617

    III. DELIVERY OF HEARING NOTICE: ON JUNE 17, 2016 I HAVE SERVED NOTICE
        TO THIS INMATE THAT HE/SHE WILL BE GIVEN A HEARING ON THE ABOVE RULE
        VIOLATION(S).  THE INMATE WILL BE AFFORDED THE FOLLOWING:

1. A WRITTEN STATEMENT BY THE FACT FINDERS AS TO THE EVIDENCE RELIED ON AND
   THE REASONS FOR THE DISCIPLINARY ACTION TO BE TAKEN.
2. MAY CALL WITNESSES AND PRESENT DOCUMENTARY EVIDENCE, WHEN IT WILL NOT RESULT
   IN A BREACH OF SECURITY.
3. A COPY OF THE WRITTEN DECISION.
4. RIGHT TO APPEAL THE DECISION TO THE FACILITY COMMANDER.
5. RIGHT TO BE PRESENT AT THE HEARING (BEHAVIOR PERMITTING), UNLESS WAIVED IN
   WRITING.
6. STAFF ASSISTANCE AT THE HEARING UPON REQUEST.
7. STAFF ASSURANCE THAT THE CHARGE(S) ARE UNDERSTOOD.
8. AT LEAST 24 HOURS ADVANCE WRITTEN NOTICE OF THE CLAIMED VIOLATION; THIS MAY
   BE WAIVED IN WRITING. SIGN HERE LLOYD,GARY               DATE: 2016061

SIGNATURE OF DELIVERING DEPUTY:_____ ABN:     217960 DATE:20160617

SIGNATURE OF INMATE:_____ _____ DATE:20160617

HILLSBOROUGH COUNTY SHERIFF'S OFFICE                    PAGE 3
                          DETENTION SERVICES                    EXPIRATION
                  INMATE DISCIPLINARY REPORT HCDD-5704          GUILTY

FACILITY: FRJ/F              I/R #: 2016FRJF1845                DATE: 20160617
INMATE'S NAME: LLOYD,GARY              BKG#: 16020060 POD/CELL: 10D62

        DISCIPLINARY FINDINGS AND RECOMMENDATIONS (CONTINUED)

DURATN  DESCRIPTION                    DURATN  DESCRIPTION

14 / 14 NO VISITATION          2016    14 / 14 NO CANTEEN PRIVILEGES     2016
14 / 14 DISCIPLINARY CONFINMENT 2016    /
   /                                    /

HEARING OFFICER:    S PARKS   COPY              /   115294

    DATE: 20160622
        FINDINGS AND RECOMMENDATIONS:
I CONDUCTED THE HEARING FOR INMATE LLOYD AT HIS CELL DOOR 3B108. HE WAS
ADVISED OF THE CHARGES AGAINST HIM AND THE POSSIBLE SANCTIONS. HE UNDERSTOOD,
AND DID NOT NEED ANY ASSISTANCE FROM STAFF.  BASED ON THE REPORT, THE
INVESTIGATION AND MY HEARING, I RECOMMEND THE FOLLOWING SANCTIONS:
14 DAYS DISCIPLINARY CONFINEMENT
14 DAYS NO VISITATION
14 DAYS NO CANTEEN
LLOYD WAS GIVEN A COPY OF THE REPORT AND ADVISED OF THE APPEALS PROCESS.




    VII. FACILITY COMMANDERS REVIEW:

    AGREEMENT WITH FINDINGS (Y/N) :Y

    COMMMENTS:




FACILITY COMMANDER: _____ ABN:     3072 DATE: 20160622

    VIII. NOTICE OF RIGHT TO APPEAL:

    I HAVE RECEIVED A COPY OF THE FINDINGS AND RECOMMENDATIONS AND HAVE
THE RIGHT TO APPEAL THROUGH THE FACILITY COMMANDER.

INMATES SIGNATURE: _____ DATE: _____

20170305 07:37          HILLSBOROUGH COUNTY SHERIFF'S OFFICE              PAGE 2
                             DETENTION SERVICES                    EXPIRATION
                     INMATE DISCIPLINARY REPORT HCDD-5703          GUILTY

FACILITY: FRJ/F              I/R #: 2016FRJF1845            DATE: 2016061
INMATE'S NAME: LLOYD,GARY              BKG#: 16020060 POD/CELL: 10D62

    IV. LIST ALL WITNESS:
NONE.

                             COPY

        V. REPORT OF INVESTIGATING DEPUTY. ATTACH A COPY OF ALL SUPPORTING
           DOCUMENTS (E.G. WITNESS STATEMENTS, REPORTS, ETC.)
I CONDUCTED THE INVESTIGATION WITH INMATE LLOYD IN THE HOLDING CELL OF 2D. HE
WAS PRESENT AND DID NOT REQUIRE STAFF ASSISTANCE. I REVIEWED THE REPORT AND
INFORMED LLOYD OF ITEMS 1-8 OF THE INCIDENT REPORT PROCESS; HE DID NOT WAIVE
24-HOUR ADVANCED WRITTEN NOTICE.I THEN ASKED LLOYD FOR AN EXPLANATION REGARDS
TO THE REPORT. HE STATED THAT GOODWIN WAS UPSET ABOUT HIM PRAYING AND SAYING
"I AM GOD" WHILE OUT ON THE RECREATION YARD. HE DOES ACKNOWLEDGE THAT A VERBAL
DISPUTE TOOK PLACE, BUT THOUGHT IT WAS OVER WITH. MOMENTS LATER HE FELT
SOMETHING STRIKE HIS RIGHT SIDE OF THE FACE. HE THEN WENT AND TOLD THE DEPUTY
THAT "THAT GUY' WAS THE ONE WHO HIT ME AND POINTED AT INMATE GOODWIN. HE
ACKNOWLEDGES WANTING TO MOVE TO 2C TO "GET AWAY" FROM THE INMATES OF 2D. NO
FURTHER STATEMENTS WERE MADE. I THEN CONCLUDED MY INVESTIGATION.

INVESTIGATING DEPUTY: S LUGO            ABN:      217960 DATE: 20160617

    VI DISCIPLINARY FINDINGS AND RECOMMENDATIONS:

        A. IS THE INMATE PRESENT AT THE HEARING?         YES
           IF NO, STATE THE REASON:


        B. DOES THE INMATE NEED ASSISTANCE FROM STAFF?   NO
           IF YES, STATE THE NATURE OF ASSISTANCE PROVIDED:

PART VI CONTINUED PAGE 2 of 17

WHEREFORE THIS INMATE APPEALED THE DECISION
TO FACILITY COMMANDER AT THIS TIME TO
BE REPLIED BACK TO "NOTHING CAN BE DONE
AT THIS TIME BECAUSE SUPORVISOR ON DUTY
DID NOT SIGN OFF ON REPORT. ACCORDING
TO INMATES KNOWLEDGE SUPORVISOR DID
NOT SIGN OFF ON REPORT UNTIL DISIPLINARY
ACTION WAS COMPLETED. ACCORDING TO
DEPUTY RELEASING INMATE FROM CONFINEMENT,
DEPUTY HAD TROUBLE GETTING SUPORVISOR TO
SIGN OFF ON REPORT IN HIS EFFORT TO
GET CLASSIFICATION TO MOVE INMATE
BACK TO GENERAL POPULATION.
INMATE RECIEVED NEW BOOKING NUMBER OF
1604 0813 WHERE DEPRIVATION OF RELIGIOUS
PRACTICE WAS FURTHER OBSCURED. THIS
SAME CORPORAL PLACED INMATE IN ADMIN.
CONFINEMENT FOR HIS RELIGIOUS PRACTICES.
THIS INMATE WAS TOLD HE COULD ONLY
PRACTICE ON THE REC YARD WHICH OBSCURED
OTHER INMATES THEIR BASKETBALL GAME
AND CAUSED TENSION YET AGAIN. DURING
THIS CONFINEMENT, THIS INMATE WROTE
A GRIEVANCE AND FOLLOWED THROUGH
WITH ALL ADMINISTRATIVE REMIDIES
AND WAS DECLINED REMEDY
                    (SEE EXIBIT : B)

PART VI CONTINUED    PAGE 3 of 17

EXIBIT : B

```
.DATE    05 MAR 17   07:43:17        REPORT GENERATION:    TURMEL
UINMRPT                      INMATE GRIEVANCE REPORT                  2016FRJF0019
```

DATE / TIME PRINTED: 20170305 07:43:17


```
GRIEVANCE#: 2016FRJF0019  DATE RECEIVED: 20161209  TIME: 17:20 ABN#:      224488
BOOKING#:   16040813      INMATE NAME:   LLOYD,GARY STEVEN JR
GRIEVANCE:  STF           DISPOSITION:   UNF  DATE: 20161212   TIME: 12:08
```

SUPERVISOR:       2578        A HERMAN

ASSIGN TO:        2578        A HERMAN

PERSONNEL LISTED:

*COPY*


DESCRIPTIVE NARRATIVE:

Inmate claims that an incident report was entered falsely under booking
#16020060, and received confinement time as a result.


DISPOSITION NARRATIVE:


Your allegations against Cpl Yulee are unbfounded. You have a documented history
of disruptive behavior during both incarcerations. At your request, you were re-
evaluated by our Psych Staff and allowed to return to a general oppulation pod.
Since then you have been moved to another pod due to your actions.  You have
been given several chances to follow facility rules. Further disruptive behavior
may result in administrative confinement.

                    ..... END REPORT .....

# HILLSBOROUGH COUNTY SHERIFF'S OFFICE
## DEPARTMENT of DETENTION SERVICES
## INMATE GRIEVANCE

Grievance Number 2016FRJF0017

Received DEC 2016 Jail Div II Capt's Office

TO:    Shift Commander

FROM: LLOYD  GARY  S  124466

Last Name,    First    MI    Booking Number    Housing Unit

FACILITY:  ☐ Orient Road Jail    ☑ Falkenburg Road Jail    ☐ Work Release Center

State the nature of the complaint including the date, time and location where the incident occurred. Sign form, return to deputy, and request a copy.

**INMATE GRIEVANCE:** _I am Corp Yulkee for his position this inmate has stating the contacting this inmate on disiplinary Action on true repation book # 0160066c for an more Adeline on Yos Lockers number And asks really Placing Keep separation_

**(Do Not Write On The Back Of This Form. Attach Additional Sheets If Needed.)**

**SUGGESTED SOLUTION (Inmate):** _Remove this corp status to Deputy And Evaluation on this General Keep this Conflict away limited Jummie Keep this Statistic unable Jummie to offer this the Rite Deny title to offer this Rite title this Conflict_

_____ 22Yust  10/7/10    _____ 1-308 with  12-9-16
Receiving Deputy / PID #    Date    Signature of Inmate    Date

**ADMINISTRATIVE RESPONSE/ACTION TAKEN:** Will forward to Captin Herman for further action. The allegations against Cpl Yulee are unfounded. You have a history of disruptive behavior during both incarcerations. You were given another chance in general population however should your disruptive behavior continue you will be placed in administrative confinement.

Shift Supervisor Signature/PID/Date: _____ 22Yust 12/7/16

Shift Commander Signature/PID/Date/Action Taken: _____ Cpt Herman 26.

I acknowledge receipt of the findings and/or action taken regarding my grievance, and understand that I have the right to appeal to the Facility Commander in writing. A copy of this completed form will be placed in my inmate file.

I would / would not like to request an appeal. **(Appeals must be submitted within 15 days and must include a copy of this grievance.)**
(circle one)

_1-308 with PREDJUDICE_  12-13-16
Signature of Inmate    Date

FACILITY COMMANDER'S ACTION **(Specify all corrective action taken at facility level):** _____
_I Concur with previous Answer._

_____ 3723  12/16/16
Facility Commander    Date

Distribution:  **White - Inmate File,   Canary - Facility Operations Manager,   Pink - Inmate after Facility Commander's Signature,**
**Goldenrod - Inmate**

5725 (03/06)

PART VI CONTINUED  PAGE 4 of 17

2) AMEDMENT 1 - FREEDOM OF SPEECH

    A. THIS INMATE HAS BEEN PUNISHED

       ADMINISTRATIVELY AND DISIPLINARY

       DUE TO HIS SPEECH BY MAKING

       OFFICERS AWARE OF CONSTITUTIONALLY

       PROTECTED RIGHTS AND POSSIBLE

       SANTIONED OF LOSS OF EMPLOYMENT

       THEREFORE, TO THE BEST OF INMATES

       KNOWLEDGE, THESE STAFF MEMBERS

       HAVE DOCUMENTED THAT THIS INMATE

       HAS THREATENED THEM. INMATE

       HAS BEEN REFUSED RECORDS OF THESE

       INCIDENTS. INMATE MAINTAINS

       THAT THIS INMATE THREATENED TO

       FILE 42 USC Ss 1983 ON INDIVIDUAL

       STAFF MEMBER'S IN CORPORATE CAPACITY

       AS WELL AS PERSONAL CAPACITY.

       THIS INMATE CONTINUES TO BE ADMINISTATIVLY

       CONFINED

          (REFER TO EXIBIT A & B)

3) AMENDMENT 1 - RIGHT TO PETITION GOVERNMENT

       FOR REDRESS OF GRIEVANCE

    A. THIS INMATE HAS BEEN REFUSED

       ACCESS TO LAW MATERIAL AND LAW

       LIBRARY TIME, THIS INMATE MAINTAINS

       AT THIS POINT HE HAS BEEN GRANTED

PART VI CONTINUED PAGE 5 of 17

"EXTREMELY LIMITED ACCESS" TO LAW MATERIAL
AND "NO ACCESS" TO LAW LIBRARY FOR
RESEACH.

B. THIS INMATES FILES TO INCLUDE LEGAL
MATERIAL AND DOCUMENTATION (I.E. REQUEST
SLIPS - SICK CALLS - CASE INFORMATION -
U.S. CONSTITUTION - FLORIDA CONSTITUTION -
DECLARATION OF INDEPENDENCE - GRIEVANCE
MATERIALS, ECT.) HAVE BEEN SEARCHED,
MUTILATED, DESTROYED AND SCATTERED
BEYOND ORGANIZATION.

C. KEY DOCUMENTATION HAS BEEN REMOVED
FROM INMATES PROPERTY, DOCUMENTATION
REMOVED WOULD HAVE BEEN SUBMITTED
AS EVIDENCE IN CLAIM

D. INMATE HAS BEEN DECLINED LEGAL
INDIGENT SUPPLIES REQUESTED ON
MANY OCCATION'S.

F. INMATE HAS BEEN DECLINED 42 USC § 1983
COMPLAINT FORMS AND YET SENT SAMPLE
MOTION FORM INSTEAD (ONE KEY DOCUMENT
REMOVED WAS A REQUEST SLIP ASKING FOR
1983 WITH RESPONSE "YOU ARE NOT PRO-SE

PART VI   CONTINUED PAGE 6 of 17

YOU HAVE RETAINED COUNSEL THROUGH
THE PUBLIC DEFENDER OFFICE

4) AMENDMENT 4. - THE RIGHT TO BE SECURE IN
THEIR PERSONS, HOUSES, PAPERS, AND EFFECTS,
AGAINST UNREASONABLE SEARCHES AND
SEIZURES, SHALL NOT BE VIOLATED, AND
NO WARRANT SHALL ISSUE, BUT UPON PROBABLE
CAUSE, SUPPORTED BY OATH OR AFFIRMATION
AND PARTICULARLY DESCRIBING THE PLACE TO
BE SEARCHED AND THE PERSON OR THINGS TO
BE SEIZED

A. CLEARLY THIS AMENDMENT IS
INFRINGED UPON AND VIOLATED
DUE TO DAILY UNREASONABLE SEACHES
BY SHERIFF DEPUTIES OF FACILITY.

B. INMATE MAINTAINS INFORMATION
AND EVIDENCE DETRIMENTAL TO THIS
CLAIM HAVE BEEN REMOVED FROM
DESTROYED AND/OR MUTILATED
BEYOND RECOGNITION BY DEPUTIES
OF HILLSBOROUGH COUNTY SHERIFFS
OFFICE WHICH SEEMS TO BE AN
ATTEMP TO DEFER PETITIONER
FROM RESERVING A CLAIM OF

PART VI CONTINUED PAGE 2 OF 17

CIVIL INFRACTIONS HE HAS ENDURED
INMATE FURTHER MAINTAINS REMOVAL
AND DESTRUCTION AND MUTILATION OF
SUCH PROPERTY IS ATTEMP TO
"COVER UP" WRONG DOING BY STAFF
WHICH IS THIS INMATE'S BELIEF FOR
SUCH UNLAWFUL ACT'S NOTED IN
THIS COMPLAINT

5) AMENDMENT 5 — A PERSON SHALL NOT BE DEPRIVED
LIFE, LIBERTY, OR PROPERTY WITHOUT DUE PROCESS
OF LAW

    A. PETITIONER IS BEING DEPRIVED PROPERTY BY
    MEANS OF STAFF OF HILLSBOROUGH COUNTY SHERIFF'S
    OFFICE UNLAWFUL SEARCH AND SEIZURES OF
    PAPERWORK, PURCHASED COMMINSARY (COMMINSARY
    PLACED IN PERSONAL PROPERTY BAG WHICH
    PETITIONER HAS NO ACCESS)

    B. DEPRIVATION OF PERSONAL LEGAL MATERIALS.
    MATERIALS ARE BEING WITHHELD IN
    PERSONAL PROPERTY BAG WHEREBY INMATE
    IS TOLD TO PURCHASE NEW MATERIALS.
    MATERIALS HELD INCLUDE "RUBBER PENS,
    STAMPED ENVELOPES, MANILLA ENVELOPES.
    ENVELOPES AND LEGAL MATERIAL MAILED

PART VI CONTINUED    PAGE 8 of 17

FROM LAW FIRMS, DISIBILITY RIGHTS,
AND LEGAL AID, AND OTHER LAWFUL CORPORATION

C. INMATE HAS BEEN DEPRIVED HIS **PERSONAL**
RELIGIOUS READING MATERIAL ON MEDITATION
THESE MATERIALS WERE SUBSEQUENTLY CONFISCATED
AND PLACED IN PROPERTY

D. INMATE IS DEPRIVED RELIGIOUS ARTIFACTS
CRUCIFIX AND WEDDING BAND. INMATE
HAS BEEN TOLD "ANY ITEMS LIKE THESE
ARE NOT ALLOWABLE FOR SECURITY PURPOSES.

F. INMATE BEING ADMINISTRATIVELY CONFINED
IS BEING DEPRIVED LIBERTIES TO INCLUDE
MOVEMENT; ACCESS TO PHONE (LIMITED ACCESS
PROVIDED); ACCESS TO COMMUNICATION WITH
OTHERS; ACCESS TO LIGHTING; ACCESS TO
ACCESS TO REC YARD AND FRESH AIR (LIMITED
ACCESS PROVIDED); ACCESS TO SHOWERS (LIMITED
ACCESS PROVIDED); ACCESS TO ANY TYPE OF
RECREATION WITH OTHER INDIVIDUALS;
ACCESS TO LAW LIBRARY; ACCESS TO RELIGIOUS
PROGRAMS; ECT...

G. INMATE IS DEPRIVED LIFE LIBERTY AND
PROPERTY BY NOT BEING DULY CONVICTED

PART VI CONTINUED    PAGE 9 of 17

AND WRIT OF HABEUS CORPUS BEING
SUSPENDED, PETITIONER MAINTAINS HE
IS BEING HELD POLITICAL PRISONER

AMENDMENT 6 - IN ALL CRIMINAL PROSECUTIONS THE
ACCUSED HAS A RIGHT TO FAIR AND SPEEDY TRIAL.

A. THIS INMATE HAS MOTIONED THE COURT
WITH HIS WRITTEN DEMAND FOR SPEEDY
TRIAL, ONLY TO HAVE COMPETANCY EVALUATIONS
ORDERED. (NOTE: PETITIONER PROCEEDS PRO-SE
WITH STANDBY COUNSEL)
• ON 18 JULY 2016, THIS PETITIONER
WAS FOUND COMPETANT TO PROCEED
BY MARIA HELENA ISAZA Ph.D.
CLINICAL PSYCHOLOGIST
(SEE EXIBIT C 4 page Clinical Report)
• ON 21 JULY 2016, THIS PETITIONER
WAS ONCE AGAIN FOUND COMPETANT
TO PROCEED BY RICHARD A.
CARPENTER, Ph.D. FORENSIC
PSYCHOLOGY
(SEE EXIBIT D 4 PAGE CLINICAL
REPORT)
THIS PETITIONER THEN HAD HIS COMPETANCY
QUESTION AGAIN 3 DAYS PRIOR TO TRIAL
WHEN HE INVOKED PUBLIC DEFENDERS

EXIBIT C

**Maria Helena Isaza, Ph.D.**
**Clinical Psychologist**
**3225 South MacDill Avenue**
**Suite 129   #231**
**Tampa, Florida 33629-8171**
**813-534-0019**

## COMPETENCY EVALUATION

**Gary Steven Lloyd**

Case Number            16CF007460A
Date of Birth           8 May 1982
Chronological Age       34 years, 2 months
Date of Evaluation      18 July 2016 at Falkenburg Road Jail

REASON FOR REFERRAL

The Honorable Vivian T. Corvo ordered a competency evaluation on Mr. Gary Steven LLoyd to determine whether he is competent to stand trial and be sentenced. He is charged with Aggravated Assault with Deadly Weapon, Resisting Officer without Violence, and Trespass on Property other than Structure or Conveyance on 25 May 2016.

EVALUATIVE PROCEDURES

Review of Records
        Copy of the Order to Evaluate
        Criminal Report Affidavit and Charges
        General Offense Hardcopy, Hillsborough County Sheriff's Department
        Medical and Mental Health Records Electronically Provided by Naphcare
Clinical Interview of Mr. Gary Steven Lloyd
Mental Status Examination

RELEVANT BACKGROUND INFORMATION

Gary Steven Lloyd
Page 2 of 4

As soon as we were seated for the clinical interview, Mr. Lloyd politely stated he had not wanted his attorney "to invoke a competency evaluation because I am fully competent and aware of what is going on."

He was circumstantial and spoke rapidly while trying to provide a lot of information in the documents he brought with him. He referred to them often during the evaluation to substantiate what he was presenting.

He said he was originally from Baltimore. He said his mother lives on a farm in Philadelphia. He said he had been diagnosed with ADHD as a child and was given medication, which he stopped taking when he was 18 years old. He reported completing the 9th Grade. Although he did not finish High School, he said he went "to a great Middle School," and felt he was "well educated."

He denied a psychiatric family history and/or ever having been hospitalized for a mental condition. He said he mainly worked in construction and had spent about seven years traveling back and forth between West Virginia and Florida.

Mr. Lloyd openly admitted, "I messed up my life by being a crack cocaine addict." He claimed he stopped using around 2012. He said he was a thief because of the addiction, and that he had multiple offenses. He added stealing for food was wrong but understandable. However, he said, stealing to get drugs was totally wrong and he was ashamed of it.

He indicated he was homeless and had lived with his husband in a tent. He reported that it was not an "unkempt tent" and that they made it "very nice with a shower" they adapted from Wal-Mart. He indicated they "were good neighbors." He said he did some panhandling but that he was "very professional" about it. When he was incarcerated, he claimed he sent his husband to live on his mother's farm.

Tearfully, he stated it was very important to him to prove his case because he did not want to go to another state prison as when he was sent to one in 2012. He was raped in prison but could not talk about it because, "It upsets me too much." He also indicated he was sexually abused as a child. That also was too unsettling to discuss. He insisted he just wanted to go back to Pennsylvania and "work on my marriage."

He said he was Catholic and was trying to cope with jail but got into trouble for praying. He said other inmates complained about his "bizarre way of praying." When asked how he prayed, he graphically and dramatically made an elaborated sign of the cross with his head tilted.
Review of records indicates there is a history of "Poly-Substance Dependence." Additional diagnoses as per the records are as follows: Synthetic Cannabis Disorder Severe, PTSD, Panic Disorder, Borderline Disorder, and Histrionic Personality Disorder.

Gary Steven Lloyd
Page 3 of 4

There were entries describing Mr. Lloyd as "agitated, over talkative, grandiose thinking, odd religious behaviors, and making flowers out of toilet paper."

It appears he was last evaluated on 25 May 2016 with "Acute mental health issues, exhibiting manic and unpredictable behaviors." He was placed on "Level 2 Psy." No prescription of medication was noted. He was also described as "redirectable," and "anxious and congruent with mood."


CLINICAL INTERVIEW AND MENTAL STATUS EXAMINATION

Mr. Lloyd is a 38-year-old Caucasian male. He was appropriately groomed. He was oriented in person, place, time, and situation. He had good eye contact. His memory was intact. He was cooperative and tried to be polite.

His speech was clear but pressured. He was over talkative and circumstantial but responded to being redirected. He would increase his tone and become agitated as he tried to explain his case.

He appeared anxious, fearful, and apprehensive as to his current situation. He can be melodramatic at times and attention seeking. He has poor insight and judgment. His though content was marked by perseverations and obsessions as to his current situation and the possibility of being victimized.

There were no indications of hallucinations and/or delusions. He denied any current or past suicidal/homicidal ideations and/or attempts. He approaches situations impulsively and can be verbally confrontational, but not violent.

Mr. Lloyd has a history of multi-substance abuse and personality traits consistent with a Histrionic Personality Disorder. When caught or cornered, the intensity of his emotions become similar to a manic phase until the crisis is resolved. In addition, he also has symptoms consistent with PTSD due to his past traumas.

COMPETENCY TO PROCEED

*Appreciation of the charges and allegations*
Mr. Lloyd has a clear appreciation of the charges and allegations. He was adamant in challenging the actual facts and indicated he had proof that "It did not happen as stated." He also admitted he did make a verbal threat of using his dog; however, he was not clear regarding details and made reference to the deadly weapon as being his dog. He knows the difference between a *misdemeanor* and a *felony*.
*Adequate*

*Appreciation of range and nature of possible penalties*

Gary Steven Lloyd
Page 4 of 4

Mr. Lloyd has a fair appreciation of the range and nature of possible penalties. He is anxious and apprehensive and obsessive regarding the consequences of punishment. He considers the work he is made to do while in jail as "legal slavery and involuntary servitude."
*Adequate*

*Understanding of the adversary nature of the legal process*
Mr. Lloyd is familiar with the adversary nature and legal process. He feels he knows so much that he wants and thinks he is capable of representing himself. The role of the judge is "to abide by the constitution and to proclaim you guilty or not guilty based on the evidence presented." The prosecutor "will try to find me guilty," and the public defender "is supposed to be on my side but he is not." He knows and understands the meaning of a *plea bargain*.
*Adequate*

*Capacity to consult with lawyer with reasonable degree of rational understanding*
Mr. Lloyd has a rational and reasonable degree of understanding of the legal system. However, his pervasive, intense personality style, his fear and anxiety, and his grandiose feeling that he can represent himself may compromise and be self-defeating in his capacity to consult with his lawyer. He is, nonetheless, able to respond to direction with logic and he has a basic respect for authority.
*Guarded*

*Manifest appropriate courtroom behavior*
Mr. Lloyd is fully aware he has to manifest appropriate behavior in court. However, he is also impulsive, attention seeking, very emotional, and may act inappropriately.
*Guarded*

*Testify relevantly*
Mr. Lloyd understands the meaning and importance of testifying and has the capacity to do so if needed.
*Adequate*

Overall, Mr. Gary Steven Lloyd appears COMPETENT to proceed.


Maria Helena Isaza, Ph.D.
Clinical Psychologist

EXIBIT D

# RICHARD A. CARPENTER, Ph.D.

FORENSIC PSYCHOLOGY

9340 North 56th Street, Suite 120 • Temple Terrace, Florida 33617 • (813) 899-1010 • Fax (813) 899-1011
Licensed Psychologist: Florida PY0003404

## FORENSIC EVALUATION

**NAME OF DEFENDANT:** Gary Lloyd

**DATE OF BIRTH:** 05/08/82

**CHRONOLOGICAL AGE:** 34-2

**CASE#/DIVISION:** 16CF007460A

**DATE OF EVALUATION:** 07/21/16

*SUMMARY:* *This 34 year old male was referred to this examiner for the purpose of conducting a competency to proceed evaluation. He was not diagnosed with a mental disorder. The defendant was found to be* *COMPETENT to proceed.* *Further details contained herein.*

*Forensic Evaluation*
*Gary Lloyd*
*Page 2*

## PROCEDURES UTILIZED

Competency to Proceed
Mental Status Examination
Clinical Interview
Review of Discovery Packet

## IDENTIFYING INFORMATION

The defendant was evaluated at the Falkenburg Road Jail for a competency to proceed evaluation pursuant to a court order from Judge Corvo's court. The defendant has been charged with aggravated assault with a deadly weapon, resisting an officer without violence and trespass on property other than structure or conveyance.

Informed consent was obtained. The defendant was informed that a psychological evaluation had been requested by the court, and that my findings would be reported to the Judge, the Assistant Public Defender and the Assistant State Attorney. The defendant appeared capable of understanding this information and provided informed consent to participate in the evaluation.

## SUMMARY OF FINDINGS

The defendant was a relatively good historian who described being born and raised in Baltimore, Maryland. He was raised by his mother and stepfather. He said that he saw his father on an intermittent basis. He is the oldest of three children and was never in foster care. He said he moved out at 24 to live with friends and has been living with his husband for the past eight years.

He denied being in any form of special education and left school in the ninth grade. He does not have a GED.

He stated that he has worked doing construction but has been essentially unemployed since 2014.

He estimated several adult arrests and has been in prison on one occasion.

He denied any history of drug abuse and drinks rarely on social occasions. He has no psychiatric history.

The *Mental Status Examination* found the defendant to be a somewhat short statured, heavily tattooed Caucasian male who looked his stated age. He had reasonably good grooming. His demeanor was pleasant and cooperative. He was fully engaged and forthcoming in the interview process. Memory, attention and concentration were felt to be functioning within normal limits and he

*Forensic Evaluation*
*Gary Lloyd*
*Page 3*

was fully oriented. He is judged to be of average intelligence. His thought processes were logical, rational and goal-directed with no history of psychosis but he does have a somewhat eccentric style. He made it clear that he is quick to defend his rights and in this regard may be a bit thin-skinned or touchy. Indeed, he stated that he shouted at the judge while in court as he felt he was not being treated with respect. This type of behavior is not seen as a function of mental illness. He denied any history of brain injury or neurological impairment. He further denied any mood disorders such as anxiety, depression or bipolar disorder and this is felt to be consistent with my clinical impressions. In all, he is seen as free of any disabling psychiatric disorders.

## CLINICAL IMPRESSION

None discerned.


## COMPETENCY TO PROCEED

**In terms of his competency to stand trial** the defendant was evaluated pursuant to the factors set forth in F.S. 916.12 and Fla.R.Crim.P. 3.211; that is, whether the defendant has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and whether he has a rational, as well as a factual, understanding of the proceedings against him. According to the factors, the defendant was found to be functioning as follows:

I. Mr. Lloyd was able to recite his charges when asked. Thus, it is judged that he **does meet** this factor;

II. He was familiar with the possible penalties. As such, it was felt that he **does meet** this factor;

III. He was able to discuss the duties and responsibilities of the three primary officers of the court; namely: the judge, public defender and prosecutor. In all, he **does meet** this factor;

IV. He was able to describe the pleas of guilty and not guilty. He has had prior experience with the judicial system and when we discussed the workings of a plea agreement it was clear that he understood his rights as they relate to entering into a plea agreement. He stated that he understood his options and although he and his attorney may have a different viewpoint about them, he was reasonable in explaining that this did not make him incompetent. I would agree with him in this regard. In all, he is seen as being able to work with his attorney in a competent fashion. Therefore, he **does meet** this factor;

V. He behaved appropriately during the interview. However, while he was not at all inappropriate while being interviewed he did state that he reserves the right to be vocal in court and might yell if he felt he was being disrespected or treated unfairly. Should such an event occur this should be treated as a willful display. As such, it is **questionable if he does fully meet** this factor;

*Forensic Evaluation*
*Gary Lloyd*
*Page 4*

VI. His answers were relevant and logical. This suggests that he is able to testify relevantly. Thus, he **does meet** this factor.

In all, this defendant is felt to be **competent** to proceed.

Thank you, Judge Corvo, for this opportunity to be of assistance with this case. If I may be of any further assistance, please do not hesitate to contact me.

Respectfully,

*Richard A. Carpenter, PhD*

Richard A. Carpenter, Ph.D.
Licensed Psychologist

PART VI CONTINUED    PAGE 10 of 17

TO HELP WITH UPCOMING JURY SELECTION.
THIS PETITIONER FULLY OBJECTED QUESTIONING
OF COMPETANCY THIS 2nd TIME. THIS
PETITIONER REFUSED TO OPEN HIS DOORS
TO QUESTIONING BY COMPETANCY DOCTORS
AS IS HIS RIGHT, THIS INMATE WAS
FORCED BY THREAT AND COERSION TO
COOPERATE WITH QUESTIONING. PETITIONER
UPON FORCE COOPERATED MINIMUMLY. WHEREAS
BECAUSE THIS PETITIONER REFUSED TO
ANSWER QUESTION'S [NOT EVEN RELATED TO
COMPETANCY] SUCH AS SCHOOLING HISTORY,
WORK HISTORY, PAST CRIMINAL HISTORY,
THIS DEFENDANT WAS SUBSEQUENTLY
FOUND INCOMPETANT TO PROCEED BY
DOCTOR JOSEPH W BLITCH Ph.D
CLINICAL AND FORENSIC PSYCHOLOGY ON
6 DECEMBER 2016
    (SEE EXIBIT E CLINICAL REPORT 3 PAGES)
DEFENDANT, FOR SIMILAR REASONS, WAS ALSO
FOUND INCOMPETANT TO PROCEED BY
MICHEAL S. MAHER M.D. GENERAL AND
FORENSIC PSYCHIATRY ON 8 DECEMBER 2016
    (SEE EXIBIT F CLINICAL REPORT 4 PAGES)
DUE TO COMPETANCY BEING QUESTIONED AGAIN,
TRIAL DATE WAS MOVED. ON 14 DECEMBER 2016
HONORABLE VIVIAN T. CORVO HELD A COMPETANCY

EXIBIT E



# Joseph W. Blitch, Ph.D.
Clinical and Forensic Psychology
605 W. Bloomingdale Ave.
Brandon, FL 33511
(813) 684-1044
joe.blitch@verizon.net

## PSYCHOLOGICAL FORENSIC EVALUATION

NAME: Gary Steven Lloyd

CASE #: 16CF007460A, 16CF015742A, 16CF007538A

AGE: 34 (DOB 5-8-82)

DATE OF EVALUATION: 12-6-16

### REASON FOR REFERRAL

This evaluation was done pursuant to a court order of the Honorable Vivian Corvo, Circuit Court Judge of the Thirteenth Judicial Circuit. The evaluation was ordered to assess the competency of the defendant to stand trial.

### EVALUATION PROCEDURE

Review of records including:
1. Judge corvo's court order
2. Description of charges
3. Criminal report affidavits
4. Tampa PD General Offense Hardcopy

Clinical interview

### IDENTIFYING AND BACKGROUND INFORMATION

Upon first meeting Mr. Lloyd, the purpose of the examination was explained. In addition, he was informed that the examination was being conducted by court order and that the results would be reported to the court. Limitations of confidentiality and privilege were explained.

A review of charge documents indicated that Mr. Lloyd was arrested on May 25, 2016 and charged with aggravated assault on a law-enforcement officer, resisting an officer without violence, and trespass after warning. The police report said that the defendant and a codefendant were on a vacant wooded property and refused to leave when ordered to do so. The report further stated that the defendant had a large pit bull on a leash and threatened several times to release the dog on the officers. On October 31, 2016 he was charged with delivery of a controlled substance and possession of a controlled substance.

Forensic Psychological Evaluation: Gary Steven Lloyd                                                    2

## CURRENT CLINICAL FINDINGS

Mr. Lord was uncooperative and resistant throughout my entire contact with him. He
seemed volotile and unpredictable. He initially refused to come to the Pro Visit center by
asserting what he felt were his rights as a self-proclaimed "sovereign American."
Therefore, I went to his pod at which time he initially refused to talk. I then explained the
purpose of the evaluation following which he agreed to talk briefly but demanded that we
do the evaluation out in the pod among the other inmates. I told him that we could not do
that both because of the confidentiality issues and distractions and after a few minutes
more of persuasion, he eventually agreed to go to the nursing station interview room.
                    FORCED BY MULTIPLE OFFICERS IN INTIMIDATING MANNER
He refused to respond to almost all questions presented to him claiming that they were
"not applicable" in his case. When I asked him questions about mental issues, education,
or legal history, he claimed that I was interrupting him and insisted upon reading from a
US code as though that would tell me what I needed to know about him. He was critical
of everyone in the legal system including his attorney who he claimed "avoided providing
the answers I need" although he would not explain what he meant. He talked briefly about
an encounter with a female police officer and seemed almost proud of himself when he
announced that he called her a "dirty nig*** bitch."

Although he had told me that he would not say anything about his legal history, he said
that he was sent to prison in 2011 and "did 16 months" for a burglary conviction. He then
claimed that he pointed out flaws in the prison system and that he was a stimulus for
"prison reformat."

Throughout the evaluation he was argumentative and often rambled, jumping quickly
from one topic to the other. He claimed that he was going to sue the judge for "malicious
prosecution" but was unwilling to state his rationale. He also announced that he was
going to sue the police department due to his claim that the police "put several tasers on
me" and "they had to bring me back to life with one of those things under my nose."

When I asked him about his work history, he simply responded by saying "not
applicable" as he did when I asked about mental health history, prior education, or any
subject that interfered with his demand that he be allowed to read his handwritten notes
from the US code. Several times in the process of my asking questions, he accused me of
attempting to confuse him.

Although I pointed out that I was attempting to conduct the evaluation pursuant to a court
order, he claimed that he had the authority to determine what I wrote in my notes on the
computer. He several times said "write this down" and other times said "I'm not allowing
you to write anything about this." Due to his having eliminated most categories of
subjects as being things he was not willing to discuss except continuing to read from the
US code, the interview was terminated. At the end of the interview he demanded to read
the notes on my laptop to determine what he was going to allow me to keep and what
things he was going to demand that I erase. When I explained that my notes a record of
information obtained and not subject to his approval, he began shouting vile obscenities

Forensic Psychological Evaluation: Gary Steven Lloyd                                    3

at me and got out of his chair, approaching me whiile saying that he was going to smash
my computer. I felt in danger of being attacked by the defendant. Fortunately, the deputy
on the pod was looking in my direction at the time and immediately responded to my
waving for him to come. He was able to grab the defendant quickly enough such that my
notes, computer, and myself remained intact.

ISSUES OF COMPETENCE

When asked questions related to the statutory requirements for competency, he took that as an
opportunity to further criticize the legal system including the court officers. He said that the job
of a public defender would be to "tell the court what I want done" and added his opinion that
every public defender who has been involved in his cases "was ineffective."

He refused to answer questions about competency issues.

DIAGNOSTIC CONSIDERATIONS

Paranoid psychosis as manifested by delusions

CONCLUSION AND RECOMMENDATIONS

There are some people who adopt the principles of being a sovereign citizen and develop
those ideas over the years a well thought out political and philosophical view of life.
However, the results of this evaluation indicate that the defendant is not in that category.
His focusing on on what he labels being a "sovereign American" is of relatively recent
onset and apparently has been given very little rationale thought. It is my opinion that his
viewpoint and behaviors are consistent with psychotic delusions. Furthermore, incidents
including threatening to release his dog on the approaching officers, his quickly
advancing toward me while verbally issuing threats, and his ability to justify doing almost
anything in his own mind by having adopted the label "sovereign American" in my
opinion suggests that he presents a physical danger to others.

Therefore, I recommend that he be found not competent to proceed and that he be
committed to a secure inpatient mental health facility such as the Florida State Hospital
for further diagnostic workup and treatment.

Joseph W. Blitch, Ph.D.
Licensed Psychologist

EXIBIT  F

South Tampa Medical Center
Suite 337
508 S. Habana Avenue
Tampa, Florida 33609-4181

# Michael S. Maher, M.D.
### General & Forensic Psychiatry
### Individual Psychotherapy
DIPLOMATE AMERICAN BOARD OF PSYCHIATRY & NEUROLOGY

Hours By Appointment
Telephone (813) 801-9100
Fax (813) 801-9150

## FORENSIC PSYCHIATRIC EVALUATION

## CRIMINAL COMPETENCY ASSESSMENT

December 8, 2016

State of Florida
-v-
Gary Steven Lloyd
Case:  16CF007460A, 16CF015742A
       16CF007538A
Division: G

## REASON FOR EVALUATION

This evaluation has been requested by the Honorable Judge Vivian Corvo, Division G, Thirteenth Judicial Circuit Court, in and for Hillsborough County, Florida. The purpose of this evaluation is to determine if the Defendant is competent to stand trial with regard to Case Number 16CF007460A, 16CF015742A and 16CF007538A. Additionally, when requested the issue of legal competency at the time of the alleged offense(s) has been addressed. The Defendant's suitability for commitment under the appropriate mental health commitment statutes has also been addressed when indicated.

## SUMMARY OF EVALUATION

The Defendant suffers from a fixed delusional syndrome. The syndrome focuses on a belief system sometimes characterized by the phrase "sovereign citizen." This is a belief system shared in part by others which characterizes the government and governmental authorities as being illegal and unauthorized and places the individual as a "sovereign citizen" who is not subject to the social laws, rules and expectations of the nation or their community. While this belief system may at times be present in individuals who are otherwise largely functional and unimpaired in their social and psychological functioning, it also occurs in individuals who do not have the capacity for rational or logical consideration of their circumstances in light of the belief system and its conflict with the courts and authorities. Such individuals tend to be highly dysfunctional from a social and psychological point of view and, when unguarded, reveal additional significant underlying psychological and psychiatric symptoms. In somewhat extreme cases these individuals present with overt psychotic symptoms.

The Defendant is suffering from a delusional belief system associated with the "sovereign citizen" theme. As such, he does not have the capacity to consider reasonably and rationally his present circumstances with regard to the pending charges against him. Furthermore, he does not have the capacity to voluntarily set aside the belief system in

FORENSIC PSYCHIATRIC EVALUATION
CRIMINAL COMPETENCY ASSESSMENT
STATE OF FLORIDA -V- GARY STEVEN LLOYD
CASE: 16CF007460A, 16CF015742A, 16CF007538A
M.S. MAHER, M.D.
DECEMBER 8, 2016
PAGE 2

favor of an understanding that he must essentially adhere to the rules and expectations of
his social context and put aside his disagreements in order to manage and negotiate his
present criminal charges. He has shown evidence of inclination to become threatening and
potentially dangerous to others, particularly when confronted regarding his belief
systems. He has also revealed to this Examiner a pattern of being engaged in drug
interactions which place him in a potentially high conflict and possibly dangerous
situation. He is as such potentially dangerous to self or others. He is not competent to
proceed and is in need of involuntary inpatient psychiatric treatment in a secure forensic
facility. He almost certainly will resist such a referral and continue to resist treatment. A
court order requiring treatment may be required.

<u>The Defendant is not competent to proceed.</u>


<u>REGARDING COMPETENCY TO STAND TRIAL</u>

Review of the specific factors as set forth in Florida Statutes 916.12 and FRCrP 3.211
follows:

1.     The Defendant <u>does not</u> appreciate the charges and allegations against him.
2.     The Defendant <u>does not</u> appreciate the range and nature of possible penalties.
3.     The Defendant <u>does not</u> understand the adversary nature of the legal process.
4.     The Defendant <u>does not</u> have the capacity to disclose to his attorney pertinent
       facts regarding the proceedings at issue.
5.     The Defendant <u>does not</u> have the capacity to manifest appropriate courtroom
       behavior.
6.     The Defendant <u>does not</u> have the capacity to testify relevantly.

My evaluation of the above specific elements and general considerations of other aspects
of his competency supports the conclusions that he <u>is not competent</u> to proceed to stand
trial.


<u>BRIEF HISTORY</u>

This man was a poor historian. He initially refused to talk to the Examiner and then
spoke in a rapid pattern regarding his agenda and with little regard to the Examiner's
questions. He revealed that he lived in Pennsylvania. His mother came to Florida to assist
him with bond and release from county jail after he was arrested in May of this year. He
apparently was released and re-arrested approximately 30 days ago. He essentially denies

FORENSIC PSYCHIATRIC EVALUATION
CRIMINAL COMPETENCY ASSESSMENT
STATE OF FLORIDA -V- GARY STEVEN LLOYD
CASE: 16CF007460A, 16CF015742A, 16CF007538A
M.S. MAHER, M.D.
DECEMBER 8, 2016
PAGE 3

all medical illnesses, psychiatric symptoms, difficulties or problems with anything other than the "illegitimate courts that have no authority over me."

## MENTAL STATUS EXAMINATION

This man speaks rapidly and frequently contradicts his own statements. For example, he initially and adamantly refused to accept any evaluation or interaction with this Examiner and then after a period of dialogue in a private room insisted that the Examiner remain in order to hear the Defendant read in its entirety an extensive motion to the court regarding his circumstances. His description of his history and background is characterized by many contractions; for example, he characterizes himself as being non-violent and not threatening but reveals that he made a significant threat to an individual possibly related to drug interactions while talking to them on the phone. He also indicates that he had contact with police authorities who he believed were undercover agents and carried out "middle man" activities on the behalf of a drug seller and buyer. He complains bitterly that he has not received appropriate representation from his attorney in the public defender's office and also insists that he has always remained pro se and will represent himself and reject any assistance from counsel.

His speech is rapid and difficult to interrupt once he is speaking. On a limited and superficial level he appears to be logical and coherent; however, the content of his speech is frequently interrupted by illogical contradictions which he justifies on the basis of the "sovereign citizen" status which he claims.

He is defensive. He denies all medical and psychiatric symptoms and impairments. He refuses to discuss these issues and then in detail denies specific history, symptoms and background. He reports that he is in violation of probation in Pennsylvania; however, they will not take him into custody.

## THIS EVALUATION IS BASED ON THE FOLLOWING INFORMATION

1.  Clinical Psychiatric Interview conducted at the Hillsborough County Falkenburg Road Jail on 12/5/2016
2.  Mental Status Examination conducted on 12/5/2016
3.  Consultation with Dr. Joseph Blitch on 12/7/2016
4.  Review of Police Reports
5.  Review of Competency Evaluation by Maria Helena Isaza, Ph.D. dated 7/18/2016
6.  Review of Forensic Evaluation by Richard A. Carpenter, Ph.D. dated 7/21/2016

2016/12/12 11:05:29

FORENSIC PSYCHIATRIC EVALUATION
CRIMINAL COMPETENCY ASSESSMENT
STATE OF FLORIDA -V- GARY STEVEN LLOYD
CASE: 16CF007460A, 16CF015742A, 16CF007538A
M.S. MAHER, M.D.
DECEMBER 8, 2016
PAGE 4

All information gathered with regard to this evaluation, through either direct interview and examination or documents considered in preparation of this report, has been gathered and considered with the understanding that a report will be prepared which will be forwarded to the requesting Judge, as well as the appropriate counsel and other parties involved in this matter. A careful detailed description of the limits of confidentiality and the circumstances of the evaluation have been reviewed prior to initiating the evaluation.

<u>CONCLUSIONS AND RECOMMENDATIONS</u>

As described in the summary above, this man is suffering from a significant delusional disorder. He characterized this as a voluntary choice regarding his belief system. It is this Examiner's conclusion within a reasonable medical certainty that this in fact represents a mental illness which is beyond the Defendant's capacity to understand and manage; specifically, a Delusional Disorder. He is in need of further evaluation and treatment in a secure forensic facility. He is likely to be psychologically and physiologically resistant to treatment. He may require a court order in order to engage even minimally with treatment providers.

M. S. MAHER, M.D.
MSM/nlk

PART VI CONTINUED    PAGE 11 of 17

HEARING. THIS HEARING WAS CONDUCTED VIA
PHONE WITH MICHEAL MAHER AND JOSEPH BLITCH
PETITIONER OBJECTED THESE CLINICAL OPINIONS
AND YET HONORABLE CORVO STILL FOUND THIS
PETITIONER INCOMPETANT TO PROCEED. THE
RECORD WILL SHOW THIS LEGISLATIVE JUDGE
SENTENCE THIS PETITIONER TO FLORIDA STATE
HOSPITAL BECAUSE STATES ATTORNEY ASK FOR
SENTENCING TO FLORIDA STATE HOSPITAL
DUE TO RECORDED FACT THIS PETITIONER
REFUSED TO BE PLACED ON PSYCHOTRUBIC
MEDICATIONS. PETITIONER MAINTAINS HE
DOES NOT NEED THESE MEDS AS REPORT
BY STAFF OF FLORIDA STATE HOSPITAL
TREASURE COAST FORENSIC TREATMENT CENTER
WILL FURTHER SHOW. PETITIONER HAS BEEN
DENIED THIS REPORT. PETITIONER FIRMLY
STATES TREASURE COAST FORENSIC TREATMENT
CENTER EVALUATED FOR 1 (ONE) MONTH AND
FOUND NO ERRORS IN THIS PETITIONERS
COMPETANCY. FURTHERMORE TREATMENT
CENTER DID NOT FIND NEED TO MEDICATE
THIS PETITIONER.

THIS PETITIONER IS IN APPEAL ON SAID
JUDGEMENT AND OTHER JUDGEMENTS IN
THE SECOND DISTRICT COURT OF APPEAL

PART VI CONTINUED   PAGE 12 of 17

PO BOX 327, LAKELAND, FLORIDA 33802,-0327
CASE NO: 2D 17-79  L.T. No. 16:CF007460;
16CF 007538; 16CF 015742
(SEE EXIBIT G 6 pages MISCELLANIOUS from
2nd DISTRICT COURT OF APPEAL)

B. PETITION MAINTAINS DISTRICT ATTORNEY
   AMANDA KUTOLA IS IN THE ACT OF
   MALISIOUS AND MALFECTIOUS PROSECUTION

C. THIS PETITIONS STANDS FIRM THAT HIS
   6TH AMENDMENT RIGHT TO SPEEDY TRIAL
   HAS BEEN SEVERLY VIOLATED, PETITIONER
   HAS INFORMED THE LOWER COURT BY MOTION
   FORM OF EXPIRATION OF SPEEDY TRIAL

AMENDMENT 6 - TO BE CONFRONTED WITH WITNESSES
   AGAINST HIM; TO HAVE COMPULSORY PROCESS
   FOR OBTAINING WITNESSES IN HIS BEHALF,
   AND TO HAVE ASSISTANCE OF COUNSEL FOR
   HIS DEFENSE.

      A. FIRST AND FOREMOST, COUNSEL HAS
         CONTINUED TO BE INNEFECTIVE TO
         THE EXTENT, PUBLIC DEFENDER
         JENNIFER STROUF (LAW OFFICE OF JULIANNE
         HOLT 700 TWIGGS ST TAMPA FLORIDA

EXIBIT G



# DISTRICT COURT OF APPEAL
## SECOND DISTRICT
### Post Office Box 327
### LAKELAND, FLORIDA 33802
### (863)802-6464

## ACKNOWLEDGMENT OF NEW CASE

DATE:       January 13, 2017

STYLE:      GARY LLOYD                    v.   STATE OF FLORIDA

2DCA#:      **2D17-79**

The Second District Court of Appeal has received the Petition reflecting a filing date of 12/30/16.

The county of origin is Hillsborough.

The lower tribunal case number provided is 16-CF-007460; 16-CF-007538; 16-CF-015742.

The filing fee is Not Required.

Case Type: Certiorari Criminal

The Second District Court of Appeal's case number must be utilized on all pleadings and correspondence filed in this cause. Moreover, ALL PLEADINGS SIGNED BY AN ATTORNEY MUST INCLUDE THE ATTORNEY'S FLORIDA BAR NUMBER.

Please review and comply with any handouts enclosed with this acknowledgment.

cc:    Attorney General              Gary Lloyd                Pat Frank, Clerk



PART VI   CONTINUED   PAGE 13 of 17

- REFUSED TO ACKNOWLEDGE CLIENT IN TOTALITY
- REFUSES TO ADOPT PRO-SE MOTIONS
- REFUSES TO GIVE DEFENSE
- REFUSES TO MOTION COURT IN ANY FORM
- REFUSES TO ANALIZE CRIMINAL REPORTS
  WITH DEFENDANT
- REFUSES TO WORK WITH DEFENDANT
- REFUSES TO ACKNOWLEDGE CONTACT WITH
  HER OFFICE
- IRRECONCILABLE CONFLICTS PERSIST
  WITH NOT ONLY J. STROUK BUT
  ENTIRE LAW OFFICE OF JULIANN HOLT.

B. DEFENDANT HAS MADE ABOVE FACTS KNOWN
   AND REQUESTED REGIONAL CONFLICT
   COUNSEL TO NO AVAIL. DEFENDANT
   DISMISSED PUBLIC DEFENDER OFFICE
   AND INVOKED "STANDBY COUNSEL"
   MRS J. STROUK WAS GIVEN THIS DUTY
   WHEN DEFENDANT QUESTIONED AREAS OF
   LAW HE WAS UNFAMILIAR WITH, MRS
   J STROUK STATED "I'M ONLY ENCYCLOPEDIA
   BRITANICA" WHEN DEFENDANT MADE HONOR
   VIVIAN CORVO AWARE OF BEING LAYMAN
   IN CERTAIN AREAS OF LAW. HONOR
   V. CORVO STATED " YOU PROCEED PRO-SE
   YOU ARE NO LONGER CONSIDERED LAYMAN"

PART VI CONTINUED    PAGE 14 of 17

C. DEFENDANT REQUESTED DEPO HEARING TO
   BE CONDUCTED TO QUESTION WITNESSES
   AGAINST HIM

D. AS COUSEL IS INNEFFECTIVE, DEFENDANT
   TRIED HIS BEST TO PUT SUPECNAS IN
   FOR PERSONAL WITNESSES AND HAS NO
   HELP WHILE BEING INCARCERATED WITH
   RETRIEVING ADDRESS'S FOR OTHER VALID
   WITNESSES.

THEREFORE, THIS DEFENDANT WAS "FORCED" INTO
PROCEEDING PRO-SE. THIS PETITIONER MAINTAINS
INNEFECTIVE COUNSEL

AMENDMENT 8 - EXCESSIVE BAIL SHALL NOT BE
   REQUIRED

   A. THIS PETITIONER IS INDIGENT THEREFORE
      ACCORDING TO LAW HIS SIGNATURE IS HIS
      BOND TO MAKE COURT APPEARANCES

   B. THIS PETITIONER MAINTAINS HONOR V. CORVO
      HAS PLACED A "NO BOND" HOLD ON THIS
      PETITIONER PRIOR TO BEING DULY CONVICTED

   C. PETITIONER MAINTAINS HONOR V. CORVO

PART VI   CONTINUED  PAGE 15 of 17

HAS SUSPENDED HIS MOTION FOR WRIT OF
HABEUS CORPUS

AMENDMENT 8 - CRUEL AND UNUSUAL PUNISHMENT
SHALL NOT BE INFLICTED

    A. HILLSBOROUGH COUNTY SHERIFF'S DEPARTMENT
       CONTINUES TO INFLICT CRUEL AND
       UNUSUAL PUNISHMENT BY
- KEEPING INMATE ADMINISTRATIVLY
  CONFINED FOR UNJUST CAUSES
- VIOLATING LIBERTIES
- ASSAULT BY BAILIFF  SATIN
  AND BAILIFF CORREU
- BATTERY'S BY BAILIFF  CORREU
  CON FILM AT COURTHOUSE
  2, DECEMBER 2016 AFTER ESCORT
  TO HOLDING CELL AFTER COURT
  PROCEEDING
- FALSE REPORT BY BAILIFF SATIN
  ON 14 DAY OF DECEMBER 2016
  WHICH SUBSEQUENTLY CAUSE
  ADMINISTRAIVE CONFINEMENT
  YET AGAIN

    B. UNLAWFUL DETAINMENT IN ACCORDANCE
      WITH LAW

PART VI CONTINUED    PAGE 16 of 17

AMENDMENT 13 - NEITHER SLAVERY NOR INVOLUNTARY SERVITUDE [ EXCEPT ] AS A PUNISHMENT FOR A CRIME WHEREOF THE PARTY SHALL HAVE BEEN DULY CONVICTED, SHALL EXIST WITHIN THE UNITED STATES, OR ANY PLACE SUBJECT TO THEIR JURISDICTION.

    A. THIS PETITIONER HAS NOT BEEN CONVICTED OF A CRIME AND YET IS HELD CAPTIVE BY HILLSBOROUGH COUNTY SHERIFFS DEPARTMENT BY ORDER OF HONOR V. CORVO THIS PETITIONER MAINTAINS HE IS INVOLUNTARICY BEING HELD CAPTIVE WHICH IS THE CRIME OF KIDNAP

AMENDMENT 14 SECTION 1 — ALL PERSONS BORN OR NATURALIZED IN THE UNITED STATES, AND SUBJECT TO THE JURISDICTION THEREOF ARE CITIZEN'S OF THE UNITED STATES AND OF THE STATE THEY RESIDE. NO STATE SHALL MAKE OR ENFORCE ANY LAW WHICH SHALL ABRIDGE THE PRIVLEDGES OR IMMUNITIES OF CITIZENS OF THE UNITED STATES; NOR SHALL ANY STATE DEPRIVE ANY PERSON OF LIFE, LIBERTY, OR PROPERTY, WITHOUT DUE PROCESS OF LAW, NOR DENY TO ANY PERSON IN ITS JURISDICTION THE EQUAL PROTECTION OF LAWS.

PART VI CONTINUED    PAGE 17 OF 17

A. PETITIONER MAINTAINS HE IS A UNITED
   STATES CITIZEN UNDER UNITED STATES
   JURISDICTION. DULY, PETITIONER IS A
   PRIVATE CITIZEN.

B. PETITIONER MAINTAINS THE REPRESENTITIVES
   FOR THE STATE OF FLORIDA - COUNTY OF
   HILLSBOROUGH HAVE VIOLATED THE PRIVLEDGES
   AND IMMUNITIES OF THIS CITIZEN OF THE
   STATE OF THE UNION

C. PETITIONER MAINTAINS THE REPRESENTITIVES
   FOR THE STATE OF FLORIDA - COUNTY OF
   HILLSBOROUGH IS IN VIOLATION OF THE
   DEPRIVATION OF THIS CITIZEN'S (PETITIONER'S)
   LIFE, LIBERTY AND PROPERY

THIS PETITIONER MAINTAINS THAT THE LOWER COURT
IS IN THE FELONY ACT OF TREASON BY MEANS
OF NOT UPHOLDING UNITED STATES CONSTITUTIONAL
LAW AND ALLOWING KNOWN CONFLICT TO PERSIST
BY ALLOWING STATE STATUES TO INTERFEAR WITH
JUSTICE OF THE SUPREME LAW OF THE LAND

VIII.    <u>RELIEF REQUESTED</u>:  State briefly what you want the Court to do for you.  Again, do not
make any legal arguments or cite any cases or statutes.

① Immediate Release from Custody

② $100,000,000 (one hundred million dollar) settlement (Negotiable)

③ Documentation of CITIZENSHIP PAPERWORK

④ UPDATE ALL GOVERNMENT records to state I AM A PRIVATE AMERICAN CITIZEN GOVERNED BY Oneself

⑤ TERMINATION AND PROSECUTION OF LISTED Defendants

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND
CORRECT.**

Signed this _____ day of _____, 2 _____.

_____

_____

_____

(Signatures of all Plaintiffs)

DC 225 (Rev. 9/03)

10

SECTION VIII CONTINUED PAGE 1 OF 1

⑥ THIS PETITIONER WOULD PREFER TO ACT AS
THIS SITUATION NEVER OCCURED PROVIDING
THE STATE COME TO TERMS OF CONTRACT
TO INCLUDE IMMEDIATE RELEASE FROM CUSTODY
DISMISAL OF CASE # 16CF 007460 ; 16CF007538;
16CF 015742 ALSO TO INCLUDE SMALL FINANCIAL
SETTLEMENT FOR PAIN AND SUFFERING. THIS
PETITIONER WISHES TO COME TO TERMS WITH
REPRESENTITIVES OF STATE OF FLORIDA
COUNTY OF HILLSBOROUGH AND TO LEAVE THE
STATE OF FLORIDA NEVER TO RETURN.

I DECLARE UNDER PENALTY OF PERJURY
THAT THE FOREGOING IN TRUE AND CORRECT
AND PROPER WORDING WAS ACCOMPLISED TO THE
BEST OF MY ABILITIES

GARY LLOYD


CERTIFICATE OF SERVICE

I CERTIFY THAT A TRUE COPY OF THE
FOREGOING HAS BEEN SUBMITTED TO
UNITED STATES DISTRICT COURT TAMPA DIVISION
LOCATED AT 801 NORTH FLORIDA AVENUE ROOM 218
TAMPA FLORIDA ON THIS         DAY OF
            2017

GARY LLOYD

